ELLIOTT v. CLARK et al.

(Court of Civil Appeals of Texas. Dallas. May 10, 1913.)

FRAUD (§ 17*)—MISREPRESENTATION—SALE.

Where the owners of a bowling alley concealed from the purchaser of a one-half interest that the property was subject to a mortgage, representing that one of the parties had purchased the property for $425, the half interest being sold for $250, the concealment constituted a fraudulent misrepresentation giving the purchaser a right of action.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 15; Dec. Dig. § 17.*]

Appeal from Navarro County Court; J. M. Blanding, Judge.

Action by W. F. Elliott against M. V. Clark and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Jack & Jack, of Corsicana, for appellant. W. W. Ballew, of Corsicana, for appellees.

RASBURY, J. Appellant instituted this suit in the court below against appellees to recover $250, alleging that in March, 1912, he purchased from appellees a half interest in a bowling alley and certain equipments and fixtures situated in Corsicana, paying therefor $250 cash and for which appellees claimed to have paid $425; that at the time he purchased same appellees claimed title thereto free of liens or incumbrances; but that after his purchase of same it developed that one J. F. Massey had a mortgage thereon to secure payment of 12 notes aggregating $300, executed by appellee Clark, which was known to appellees when appellant purchased the property; but that appellees fraudulently concealed and misrepresented the existence of said mortgage for the purpose of deceiving him and inducing him to purchase said property; and that he was so deceived and induced to purchase same. It was further shown that the said Massey, owner of said notes and mortgage, had sued thereon, sequestrated the property, and afterwards foreclosed his lien and bought in the property, etc. Appellant urged that because of said facts the title to said property had failed, and he prayed judgment for the amount. Appellees, in answer to the suit, alleged that appellant bought the property from appellee White, who had bought from appellee Clark, and expressly agreed to pay the Massey notes, etc. It was also charged by the answer that appellant colluded with Massey, the owner of said notes, by refusing to pay the notes as they matured, and procured him to sue on said notes and foreclose said mortgage lien resulting in a judgment, etc., against appellee Clark, which would not have resulted if appellant had observed his contract and paid said mortgage debt. Judgment was asked against appellant for amount of the Massey judgment against Clark and that appellant take nothing by his suit against either appellee. The case was tried without jury and judgment was against appellant. No disposition is made of appellees' cross-action by the judgment. From said judgment this appeal is taken.

There is no statement of facts, but upon request of appellant the court filed conclusions of fact and law; the conclusions of fact material to the disposition of the appeal being that on March 14, 1912, appellee White sold a one-half interest in the property to appellant for $250 cash, retaining the remaining one-half interest in himself, but surrendering the business and its management to appellant; that appellee White made no representations to appellant as to any incumbrance on the property, nor did he warrant the title, but did say at that time that he let appellee Clark have $425 with which to purchase the property; that appellee White before the sale informed appellant that the monthly expense of the business was $55, but that a part of the building in which the business was conducted rented for $10 per month, which would reduce the expense to $45; that at the date of the sale there was a registered chattel mortgage against the property securing payment of 12 notes of $25 each, maturing monthly and given by Clark, from whom appellee White purchased the property, to said Massey; that the rent of the building in which said business was conducted was $30 per month, and that sum with the Massey notes falling due each month made up the $55 of expense, and which was reduced to $45 by subletting a part of the building at $10 per month; that appellant took possession of the business and conducted it until the first of the following month, when he, for the first time, learned of the debt and mortgage; appellant paid the first note after going into possession of the business, but refused thereafter to do so; appellee White also refused to pay the Massey notes, whereupon Massey sued, sequestrated, foreclosed his lien, and bought the property under sheriff's sale.

In the manner in which the record in this cause is presented we think it our duty to reverse the judgment of the court below. The court concludes from his findings of facts that same do not in law constitute misrepresentations of the title to the property. In so concluding we think the court erred. It occurs to us that the concealment of a fact so material as the mortgage upon the property is such an act or omission as constitutes fraud or deceit, and ought to go to the jury or be considered by the court along with such other facts and circumstances as may have been properly admitted in testimony under appellant's claim that he was deceived by appellees in relation to the title to the property. The court finds as matter of fact that "no representations" were made concerning the mortgage, which by

analysis means he withheld from appellant a fact material to the title to the property purchased by appellant. Concealment of a material fact, by which an undue advantage is secured, is obviously as much calculated to injure as affirmatively misrepresenting the true status.

Further, the court finds that appellee White told appellant that he gave appellee Clark $425 with which to purchase the property. The effect of this statement was clearly calculated to mislead appellant into the belief that there was no lien upon the property, particularly so since the court also found that the half interest was sold for $250, and from which the presumption would arise that the value of the property was fixed at $500, and that appellant would not have purchased same under conditions which would have involved paying the full value of same. Generally, each party to a contract is bound in every case to communicate to the other his knowledge of all material facts, provided he knows the other to be ignorant of them and they be not open and naked or equally within reach of his observation. Elevator & Compress Co. v. Mitchell, 7 Tex. Civ. App. 231, 28 S. W. 45.

In accordance with the views expressed, and since it does not appear that the court below had in mind the rule just stated, the judgment of the court below is reversed, and the cause remanded.