KAKER et al. v. GILES et al. (No. 10874.)*

(Court of Civil Appeals of Texas. Fort Worth. Nov. 22, 1924. Remittitur Filed and Judgment Affirmed Nov. 29, 1924. Rehearing Denied Jan. 10, 1925.)

1. Fraud ⊚⇒58(1)—Evidence held to support finding of fraud inducing purchase of interests in oil lease.

Evidence held to support finding that plaintiffs were induced to purchase interests in oil lease by fraudulent representations of defendants as to cost thereof, and that plaintiffs would share in it on basis of actual cost to owner.

2. Fraud ⊚⇒13(2)—False representations to purchasers of interests in oil lease not excused because agents making them did not know facts.

That agents for owner of oil lease, inducing others to purchase interests therein by fraudu-

lent representations that they would share in lease on basis of actual cost to owner, did not know the price paid by their principal did not excuse the false representations.

3. Fraud ⊚⇒58(1)—Damages on account of assigned claims for fraud held not warranted by testimony.

In action to recover part of amounts paid by plaintiffs and their assignors for interests in an oil lease for fraud in which some assignors did not testify, and reliance on representations was not shown, court erred in allowing plaintiffs damages on account of amounts such assignors paid, in absence of showing by plaintiffs why their testimony was not procured.

4. Assignments ⊚⇒94—Assignees held entitled to recover on assignor's claim amount he would have recovered if suing.

Assignees of claims for damages for fraud stood in shoes of assignors, and fact that they bought claim for less than assignor's damages did not prevent a recovery on his account of amount he could have recovered had he himself sued.

5. Appeal and error ⊚⇒230—Errors in charge waived, where objections not called to court's attention at time of trial.

Errors in court's charge are waived, where objections are not called to trial court's attention at time of trial, as required by Rev. St. art. 1971, as amended by Acts 33d Leg. (1913) c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971).

6. Trial ⊚⇒253(7)—Refusal of instruction directing verdict on findings independent of fraud on which plaintiffs relied held proper.

In action to recover part of amounts paid by plaintiffs for interests in an oil lease for fraud, refusal of instructions directing verdict in defendant's favor on findings of certain facts, independent of fraud on which plaintiffs relied, was held proper.

7. Trial ⊚⇒260(1)—Refusal of instructions covered by main charge held not erroneous.

Refusal of instructions presenting issues sufficiently covered and fairly presented by court in main charge given was not erroneous.

8. Fraud ⊚⇒52—Evidence company was organized by purchasers to take over oil lease at higher valuation held properly excluded.

In action for fraud in sale of interests in oil lease, in representing that plaintiffs would share in it on basis of actual cost to seller, evidence that a company was organized by purchasers to take over lease at a higher valuation was properly excluded as immaterial.

9. Appeal and error ⊚⇒692(1)—Error not predicable on exclusion of proofs of minutes of association where minutes not shown in bill.

In action for fraud in sale of interests in an oil lease, error was not predicable on exclusion of proofs of minutes of association organized to operate lease, where minutes were not shown in bill of exceptions.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 25, 1925.

Appeal·from District Court, Wise County; F. O. McKinsey, Judge.

Action by J.· E. Giles and others against L. H. Kaker and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded, unless remittitur filed.

· J. A.·Templeton, of Fort Worth, and H. E. Lobdell, of Decatur, for appellants.

McMurray & Gettys, of Decatur, for appellees.

DUNKLIN, J. L. P. Gamble executed to L. C. McCrory a conveyance of an oil and gas lease on $5\,56/100$ acres of land, situated in Wichita county. The instrument recited a cash consideration paid by McCrory of $12,-000. It was dated October 23, 1918, but was not acknowledged by Gamble until the 7th day of November, 1918, on which day it was also filed for record. It thus appears that the instrument was not delivered prior to November 7th. The true consideration paid by McCrory for that conveyance was $5,-750, as evidenced by his check dated October 28, 1918, and which was marked paid November 2, 1918.

McCrory employed L. H. Kaker and P. E. Davidson to dispose of an interest of $7,000 in the lease upon a valuation of $12,-000 for the entire lease, agreeing to pay them for such services the sum of $2,000. In pursuance of that employment, Kaker and Davidson, with the personal assistance of McCrory in some instances, sold an interest. to the extent of $7,000 in the project to divers and sundry persons. McCrory also sold some of his remaining interest of $6,-250 to other persons.

The plan adopted to show each person's interest in the lease and to provide for the operation of .the same was to form an association to be known as the Lucky Pat Oil & Gas Association, and for McCrory to convey the lease to trustees for the stockholders taking stock in the association. The amount of stock taken by each stockholder was on the basis of $12,000 for the entire lease. There were 42 subscribers for stock in the association; L. C. McCrory subscribing for $1,475; L. H. Kaker for $500; and P. E. Davidson for $250. After it was all subscribed, McCrory, on November 2, 1918, executed a conveyance of the lease to seven trustees for the owners of stock in the association. That conveyance recited that it was made for a consideration of $12,000 paid to McCrory. The conveyance set out the amounts of stock taken by all of the subscribers.

J. E. Giles, Henry Golaz, and W. T. Jernigan instituted this suit against L. H. Kaker, P. E. Davidson, and L. C. McCrory, alleging that they had been induced to purchase interests in the lease by false and fraudulent representations .made by the defendants that the lease had cost McCrory $12,000, and they were taking interest with him on what is called "the ground floor" basis; in other words, that all persons purchasing interests in the lease would stand on an equal footing with McCrory and acquire their interests at the same proportionate cost. They sought a recovery of the excess paid by them over and above what they would have been required to pay for the same interests on the basis of the actual cost to McCrory for the entire lease.

Plaintiffs further alleged that the other purchasers of interests, other than the defendants, were likewise induced to make their purchases upon the same false and fraudulent misrepresentations, and that· they had assigned to plaintiffs all their rights and claims for damages against the defend- 'ants by reason of the fraud so practiced upon them.

The case was tried before a jury, who, in answer to a general charge given by the court,' returned a verdict in favor of the plaintiffs for the sum of $2,812.45, with interest. The amount so allowed was the aggregate of the respective amounts paid to the defendants by plaintiffs and ten other stockholders in the association in excess of what would have been required to purchase the same interests upon the basis of actual cost to McCrory of the entire lease. From that judgment the defendants have prosecuted this appeal.

Appellants earnestly insist that the evidence was insufficient to support the finding by the jury of the alleged fraudulent misrepresentations on the part of the defendants inducing the purchase of interests for, which damages were allowed.

[1] The testimony on that issue covers many pages of the record, and we shall not undertake a detailed discussion of it. We deem it sufficient to say that, while defendants all deny that they made any representations to any of the purchasers of interests. in the lease, as to what the lease cost McCrory, yet the plaintiffs and six other purchasers who assigned their claims for damages, sued for herein, all testified to the effect that they were induced to purchase by representations made by some one or more of the defendants that McCrory purchased the lease or had procured an option to buy it for· $12,000, and that such purchasers would share in it on the basis of actual cost to McCrory. And the testimony of McCrory himself was that it cost him only $5,750. The proof further showed without dispute that the purchasers all paid for their interests in cash, all of which was turned over· to McCrory prior to the conveyance to him by Gamble. There was further testimony to the effect that it was understood by and between the defendants at the time McCrory employed Kaker and Davidson to sell interests in the lease that an association would .be organized to take it over at the price of $12,-

000, and that the interests of the purchasers would be represented by stock issued on that basis; and Kaker and Davidson themselves testified that they represented to the purchasers that they would receive their interests in that manner and upon that basis. Furthermore, the conveyance of the lease to trustees for the Lucky Pat Oil & Gas Association by McCrory fixed those interests in that manner and on that basis, which had the effect to give $5,000 of the stock reserved by McCrory at a cost to him of only $750, even after deducting the $2,000 which he paid to Kaker and Davidson for selling the $7,000 interest to plaintiffs and others.

[2] McCrory testified that he concealed from Kaker and Davidson the fact that he purchased the lease for $5,750, and they testified they were never informed of the price he paid for it. If such were the facts, the same furnished no excuse in law or equity for inducing others to purchase interests in the lease or stock in the association upon the alleged false representations, which evidently the jury found were made. On the contrary, they owed the purchasers the duty to represent the facts truly and fully. Haley v. Davidson, 206 Mo. App. 106, 219 S. W. 988; Elliott v. Clark (Tex. Civ. App.) 157 S. W. 437; 26 Corpus Juris, p. 1071, § 14, and page 1076, § 18; Ehrmann v. Stitzel, 121 Ky. 751, 90 S. W. 275, 123 Am. St. Rep. 231.

[3] Plaintiffs and six other purchasers, who assigned their causes of action for the fraud practices, all testified, substantially, to the alleged fraudulent representations and that they were induced thereby to make such purchases. But four of the purchasers who assigned their claims to plaintiffs, and for which the jury allowed damages, to wit, H. B. Mason, T. B. Nall, W. A. Arms, and G. L. Armstrong, did not testify at all. Kaker testified that he made the same representations to each and all the purchasers to whom he sold. But, in the absence of testimony of those purchasers that they were induced by those representations to purchase their interests, we do not believe the jury and court were warranted in allowing plaintiffs damages on account of the amounts they paid, especially in the absence of any showing by plaintiffs of reason for not procuring their testimony. The aggregate amount allowed plaintiffs on those accounts was $286.36.

[4] P. A. Booz, one of the purchasers, paid $1,000 for his interest, and plaintiffs, as his assignees, were allowed $520.83 as damages on that interest. As assignees, plaintiffs stood in the shoes of Booz with the same rights he had, and the fact that they bought his claim for $500 did not militate against their right to recover on his account the same amount which he could have recovered had he himself sued.

[5] Several errors are assigned to the court's charge, which will not be discussed because the objections urged in the assignments were not called to the trial court's attention by objection at the time of the trial, as required by statute, and were therefore waived. Article 1971, Rev. Statutes, as amended by Acts 33d Leg. (1913) c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971); Ry. Co. v. Bartek (Tex. Com. App.) 213 S. W. 602; Payne v. Harris (Tex. Civ. App.) 228 S. W. 350.

[6] Other assignments to the court's charge are presented which are based on objections made to the court at the time of the trial. One of the objections so urged was that the charge on the issue of fraudulent misrepresentations was not warranted by the evidence; another was that it authorized a recovery for the interest of the purchaser, Booz, on a basis of what Booz paid rather than what plaintiffs purchased his claim for. Both of those objections are without merit for the reasons above noted.

Another objection to the charge was that it allowed plaintiffs recovery for the interests of Mason, Nall, Arms, and Armstrong, which objections have been determined favorably to appellants, as noted above.

[7, 8] Assignments are also presented to the refusal of several requested instructions. We shall not undertake a discussion of those instructions in full. We think it sufficient to say that some of them directed a verdict in defendants' favor upon findings of certain facts independent of the fraud upon which plaintiffs relied, and that in all other respects the issues presented were sufficiently covered and fairly presented by the court in the main charge given.

[9] The evidence offered by the defendants to show that, after McCrory conveyed the lease to trustees for the Lucky Pat Association, a company was organized by the purchasers of stock in the association to take over the lease at a valuation of $80,000 was properly excluded as immaterial to any issue in the case. If a cause of action arose in favor of the purchasers for the alleged fraud, we fail to perceive how they lost their right to be placed in the position they would have occupied had they been let into the deal on a "ground floor" basis with McCrory by an attempt later to realize a profit on the investment anyhow, and the evidence offered probably would have tended to prejudice the jury against them in their suit for that relief.

Another bill of exception was taken to the exclusion of proof of certain minutes of the Lucky Pat Oil & Gas Association, but there is no showing in the bill of those minutes, and hence we cannot say that the court erred in excluding them.

For the error in allowing plaintiffs a recovery for the aggregate sum of $286.36, on the claims of H. B. Mason, T. B. Nall, W. A. Arms, and G. L. Armstrong, already noted, the judgment of the trial court will be reversed and the cause remanded, unless ap-

pellees shall, within 20 days from the date of this judgment, file a remittitur of that amount. If they shall file such remittitur, then the judgment of the trial court will be affirmed for the amount of recovery less the amount so remitted. Costs of the appeal will be taxed against appellees.