## Short v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Greenup Circuit Court.

1. Criminal Law.—Evidence held to show that person for whom officers had arrest warrant had possession of house in which officers found defendant operating still, as affecting admissibility of evidence based on legality of entry.

2. Criminal Law—Officers' Entry of House to Arrest Another Held Lawful, and Evidence there Obtained Against Defendant Competent (Criminal Code of Practice, Section 40; Ky. Stats., Section 4583).—Where officers having valid arrest warrant for particular person entered house in his possession and there found defendant and another operating still, held evidence so disclosed was competent against defendant, under Criminal Code of Practice, section 40, and Ky. Stats., section 4583.

3. Intoxicating Liquors—Instruction to Convict if Defendant was Aiding and Abetting Another in the Operation of a Still Held Proper Under Statute (Rash-Gullion Act [Ky. Stats., Section 2554a-3]).—Where officers having warrant for arrest of particular person entered house in his possession and there found defendant and another operating still, held, in prosecution of defendant for unlawful manufacture of liquor, instruction authorizing his conviction if he aided and abetted the person with whom he was found in the operation of the still was proper under Rash-Gullion Act (Ky. Stats., Section 2554a-3).

JOHN W. McKENZIE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant and one Kirk were jointly indicted charged
with the unlawful manufacture. of spirituous liquors.

On his separate trial appellant was found guilty and
has appealed.

The facts disclosed by the evidence for the Common-
wealth are that the sheriff, a deputy sheriff and a con-
stable of the county, armed with a warrant for the arrest
of one Hilmanberg charged with a misdemeanor, went to
the home or reputed home of Hilmanberg in a remote
section of the county, about dusk one evening, to execute
the warrant. Hilmanberg had the title to this property
and had been living there. When they first reached the
house they found it apparently unoccupied, and then
went to another house a short distance away, and in about
an hour and a half again approached the Hilmanberg
house. This time they saw unmistakable evidence that
some one was in the house, and the party approached the
house and the sheriff, calling Hilmanberg's name, de-
manded that he open the door, but there being no re-
sponse he pushed the outer door open and entered one of
the rooms, and there the officers found appellant and
Kirk in the act of operating an illicit still in that room,
but did not find Hilmanberg.

The officers promptly arrested both appellant and
Kirk, and this indictment resulted.

The grounds for reversal are, (1) that the evidence
so disclosed to the officers was incompetent because they
had no search warrant, and therefore appellant was en-
titled to a directed verdict of not guilty, and (2) because
the court in its instruction authorized a conviction of ap-
pellant if they believed he was at the time aiding or abet-
ting Kirk in the unlawful manufacture.

The first contention is based upon the idea that the
officers had no right to search the premises without a
search warrant, defendants being at the time the only
ones in possession of the property; and upon the further
contention that appellant had previously rented the prop-
erty from Hilmanberg and was actually in possession of
it under his rental contract, and that therefore it was his
domicile and not that of Hilmanberg. The defendant,
however, offered no evidence whatsoever upon this or any

other issue, although there is a stipulation that Hilmanberg had a deed of record to the property, and that appellant *claimed* in a motion for a continuance "to have rented this property from Bud Hilmanberg and that he was in the possession of same as a tenant of said Hilmanberg at the time the officers arrested him in the house on the Hilmanberg farm"

The evidence, however, in the record discloses not only that Hilmanberg had a deed for the place, but had actually lived there with his family a very short time before this occurrence; it showed that in one of the rooms there were some household goods, but their ownership is not disclosed. It further shows that there were no evidences at the time the officers entered that any family was in actual occupation of the premises, and that Short and Kirk were the only occupants of the house at the time. From this evidence it is apparent that Hilmanberg, whether he and his family were actually occupying the house or not, was in possession of the same, and whether appellant and Kirk were at the time mere trespassers upon his property without his knowledge, or whether they were then in the house by and with the consent or acquiescence of Hilmanberg is not made to appear. Under these circumstances, in the absence of affirmative evidence that appellant was in possession under a contract of lease from Hilmanberg, it must be held that Hilmanberg was in possession of the property.

The mere *claim* by appellant in his application for a continuance that he had leased the property from Hilmanberg and was in possession of it thereunder, is no evidence of the truth of those assertions, and do not overcome or even controvert the evidence of the Commonwealth tending to show that Hilmanberg was not only the owner but in the possession of the property.

Under the provisions, therefore, of section 40 of the Criminal Code and section 4583, Ky. Stats., the officer having a valid warrant for the arrest of Hilmanberg and he being the owner and in possession of that property, the officer had the right to go upon the premises and to break open the door to the house. And being rightfully upon the premises and having rightfully pushed open the door, the evidence there disclosed to him was competent either against the owner and possessor of the house or other persons whom he might have seen in the act of violating

the law.    Hawkins v. Com., 14 B. M. 318; American Central Insurance Company v. Stearns Lumber Co., 145 Ky. 255.

Upon the entry of the officers both appellant and Kirk were engaged in some activity connected with the operation of the still, but it does not disclose which was in charge of the operation.    Under these circumstances the court in its instructions authorized a conviction of appellant as principal if he aided and abetted Kirk in the operation of the still.    It is contended for appellant that this was error because aiding and abetting is a different offense from that of manufacturing, and while technically this may be true, the Rash-Gullion Act specifically provides (section 2554a-3) that one knowingly aiding or abetting another in the violation of any of the provisions of the act "shall be deemed a principal and punished as such."    To all intents and purposes, therefore, the statute itself makes one aiding and abetting a principal, and under the evidence in this case the instruction was proper.

Something is said in appellant's brief about the error of the court in denying him a continuance, although it is not stated as a ground of reversal in the brief.    Our examination, however, fails to disclose any merit in this question.

Judgment affirmed.