## SOUTHERN CASUALTY CO. v. BOYKIN et al. (No. 1591.)

Court of Civil Appeals of Texas. Beaumont. Sept. 30, 1927.

1. **Master and servant** ⬌418(6)—Industrial Accident Board's and court's findings of partial incapacity, necessitating operation, held conclusive.

Findings of Industrial Accident Board and of court sustaining board's findings, on evidence raising issue, that compensation claimant was still suffering partial incapacity, necessitating surgical operation, in consequence of injury sustained, would not be disturbed on appeal.

2. **Master and servant** ⬌419—Industrial Accident Board cannot award operation after payment of compensation awarded; "compensation period" (Rev. St. 1925, art. 8306, §§ 12d, 15).

Purpose of Rev. St. 1925, art. 8306, § 12d, being to authorize Industrial Accident Board to review award of compensation after successful operation, board cannot award an operation after full payment of compensation awarded as award of operation, which enters into specific compensation allowed, must be made during "compensation period," which is period fixed by Workmen's Compensation Act during which injured party is to receive compensation, unless board reduces period by correspondingly increasing amount of weekly compensation, under section 15.

Appeal from District Court, Tyler County; Thos. B. Coe, Judge.

Proceeding for compensation under the Workmen's Compensation Act by Sam Boykin, employee, opposed by the Long-Bell Lumber Company, employer, and the Southern Casualty Company, insurance carrier. From a judgment sustaining a decree of the Industrial Accident Board awarding claimant an operation at the expense of the insurance carrier, the latter appeals. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

Smith & Minter, of Woodville, for appellees.

WALKER, J. This is an appeal from a judgment of the district court of Tyler county, Tex., sustaining a decree of the Industrial Accident Board awarding appellee an operation at the expense of appellant. We take the following statement from appellee's brief:

"Appellee Sam Boykin was injured in the course of his employment by the Long-Bell Lumber Company, of Doucette, Tyler county, Tex., on the 19th day of January, A. D. 1924. On June 27th, A. D. 1925, the Industrial Accident Board entered an award in this case, granting the said Sam Boykin 74 weeks' compensation on a total incapacity basis embraced between January 27, A. D. 1924 and June 28, A. D. 1925. Said award granted the said Sam Boykin 126 weeks' compensation on a 75 per cent. partial incapacity basis, beginning to accrue on June 29, A. D. 1925. At the time the Industrial Accident Board entered this award it also had before it the demand by the said Sam Boykin for the performance of an operation. the expenses of which were to have been paid by appellant; and this relief, the operation, was at that time denied by said award.

"In said award the Industrial Accident Board then found that the weekly payments to be made during the 126 weeks' partial incapacity compensation period would be inadequate to meet the necessities of the said Sam Boykin, and it accordingly increased the amount to be paid weekly by correspondingly decreasing the number of weeks in which it was to be paid to 63 weeks. But it will be seen that the compensation period originally contemplated by said award was 200 weeks, including the 74 weeks' total incapacity and the 126 weeks' partial incapacity.

"On June 5, A. D. 1926, the Industrial Accident Board entered a second award, in which it corrected a mistake and error made in its prior award of June 27, A. D. 1925, relative to the average weekly wage of the said Sam Boykin, but as to the period of compensation, and time and manner in which it was to be paid, and denial of operation, there was no change whatever."

On December 8, 1926, after the expiration of the 63 weeks allowed by the board, and after appellant had paid in full the previous awards of the board and had satisfied in full all decrees against it, the board entered the order from which this appeal is prosecuted, which is as follows:

"That it has been made to appear that said award of June 27, 1925, as the same is reformed and changed by nunc pro tunc award of June 5, 1926, has been fully paid and satisfied in accordance with its terms and provisions, but that the said Sam Boykin is still suffering partial incapacity in consequence of said injury and is in need of surgical operation; that it has been made to appear to the satisfaction of said board that it committed mistake and error in making and entering said award of June 27, 1925, as the same is modified and changed by nunc pro tunc award of June 5, 1926, must be and is hereby declared to be of not binding force or effect, except to the extent said adjustment actually compensated the said Sam Boykin for the injury suffered and consequent incapacity, and it is so ordered, adjudged, and decreed by the board; that demand in writing has been made by Sam Boykin for the performance of an operation upon him; that the board has caused a medical examination to be made of said Sam Boykin by Dr. Frank L. Barnes, a physician and surgeon of Houston, Tex., and his report in writing indicates it to be his opinion that the performance of said operation is advisable and is calculated to improve the condition of said Sam Boykin and to be of material advantage to him," etc.

[1, 2] Without reviewing the facts, the issue was raised that at the date of the order and at all times since "the said Sam Boykin is still suffering partial incapacity in con-

sequence of said injury and is in need of surgical operation; that it has been made to appear to the satisfaction of said board that it committed mistake and error in making and entering said award of June 27, 1925, as the same is modified and changed by nunc pro tunc award of June 5, 1926." On that conclusion, all propositions urged by appellant, attacking the findings of the board as being without support and the findings of the court sustaining the findings of the board, are overruled. This leaves in the case only appellant's first proposition, which is as follows:

"The award of the Industrial Accident Board of June 27, 1925, as amended by the award of June 5, 1926, having been fully paid in accordance with its terms, the board and the district court were without jurisdiction to reopen the claim."

By the express terms of article 8306, § 12e, R. S. 1925, the board can award an operation only "where liability for compensation exists." Here appellant had completely redeemed its liability at the date of the order, and, under this provision of the article, the board was without authority to act. That the award must be made during the compensation period is further illustrated by the provision:

"If the board should find that said operation is not advisable, then the employé shall continue to be compensated for his incapacity under the general provisions of this law."

Had the finding been against the necessity of the operation, this provision of the article could not have been given effect, and therefore it appears that the jurisdiction of the board to make the award was not invoked. That the operation enters into the specific compensation allowed by statute is made clear by the provisions authorizing the insurance company to demand an operation, and "if the employé refuses to submit to such operation, the board may order or direct the association to suspend the whole or any part of his compensation during the time of said period refusal." Had appellee refused to submit to the operation ordered, this provision of the article could not have been given effect. The provisions of this article are mutual. It is expressly provided that either party may demand the operation. Had the operation ordered proved successful and relieved appellee of his incapacity, no benefit could have resulted to appellant therefrom, since it had completely redeemed its statutory liability. It is the purpose of the act to give the board authority to review its previous award after a successful operation, and to give the insurer the benefit of the operation, under article 8306, § 12d, which provides for review upon "a change of condition." No construction can be given the article under discussion, except that the award of an operation must be made during "the compensation period." It is our conclusion that by "the compensation period," as that term is used in the Workmen's Compensation Act, is meant the period of time fixed by law during which the injured party is to receive compensation, unless under article 8306, § 15, the board reduces the statutory compensation period by correspondingly increasing the amount of weekly compensation, in which event "the compensation period" is the period fixed by the board under that article within which the insurer must redeem its liability.

From what we have said, it follows that the board was without authority on December 8, 1926, to make the award in question.

The judgment of the trial court is therefore reversed, and judgment here rendered in favor of appellant against appellee.

Reversed and rendered.