**INDEPENDENCE INDEMNITY CO. v.
WHITE et al.   (No. 1723.)**

Court of Civil Appeals of Texas.   Beaumont.
Oct. 18, 1928.

Rehearing Denied Nov. 7, 1928.

C. A. Lord, of Beaumont, for appellant.
E. B. Pickett, Jr., of Liberty, for appellee.

WALKER, J.   On July 10, 1925, while in course of his employment with the Pure Oil Pipe Line Company, appellee, J. S. White, received serious personal injuries, entitling him to compensation under the provisions of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309).   Appellant, Independence Indemnity Company, was the insurer under the terms of that act.   Appellee complied with all the requirements of the act in presenting his claim to the Accident Board, which, on the 27th day of November, 1925, allowed his claim as follows:

"* * *  That J. S. White suffered total incapacity for the performance of labor in con-

sequence of said injury for a period of 20 weeks, including the waiting period of one week, and he is therefore entitled to recover from and have paid to him by the Independence Indemnity Company compensation at the fixed rate of $13.85 per week for the definite and fixed period of 19 weeks, all of which has now matured and become due and payable in the total sum of $263.15, less credit of sum total of all previous payments by way of compensation payments, if any, and less attorney's fee hereinafter ordered and directed paid, and it is so ordered, adjudged and decreed by the Board. * * *"

Appellee, being dissatisfied with that award, gave the statutory notice of his refusal to accept it, and within due time filed his petition in the district court of Jefferson county, praying that the Board's award be set aside, etc. In this suit appellee was named as plaintiff and appellant as defendant. The suit remained on the docket of the district court of Jefferson county until the 15th day of November, 1926, when the court dismissed it on the ground of want of jurisdiction, since it appeared on the face of the pleading that the injury complained of was inflicted in Liberty county. On the 16th of the following December, appellee filed with the Accident Board an application praying that his claim for compensation be reconsidered and reopened, and that he be allowed compensation as for permanent disability. This application came on for hearing on the 21st day of March, 1927, when it was allowed in all things practically as prayed for. After reciting the facts of the former award, the Accident Board found:

"That it now appears material change has been wrought in the physical condition of the said J. S. White since said order was made and entered, that he has suffered total incapacity for the performance of labor at all times since the infliction of said injury and will continue to suffer said total incapacity for an indefinite period in the future; that said order of November 27th, 1925, must be and the same is hereby held to be of no binding force or effect except to the extent same actually compensated said J. S. White for injuries sustained on July 10th, 1925."

Appellant gave due notice of its dissatisfaction with this award, and duly prosecuted its appeal to the district court of Liberty county, where the issues made by the pleadings were submitted to a jury and found in appellee's favor. From the judgment entered on that verdict, appellant has prosecuted its appeal to this court.

### Opinion.

This appeal presents the following propositions:

1. Appellee's petition in cross-action was not subject to appellant's general demurrer. Under article 8306, § 12d, R. S. 1925, an article of our Workmen's Compensation Act, the Accident Board, upon its own motion or upon application of any interested party, "showing a change of conditions, mistake, or fraud," may review its prior award at any time within "the compensation period." Appellee sought and obtained relief under this article both before the Board and the district court. In his application before the Board to have the previous award set aside, he alleged facts showing change of condition and mistake. The Board found these allegations to be true, and granted the prayer setting aside its former award. In answering appellant's petition against this award, appellee pleaded his application before the Board and the award made by the Board granting him relief, and then prayed for compensation as and for permanent total disability. We agree with appellant that the first award of the Board was binding on all parties, unless duly set aside or modified under the provisions of the article just cited. We further agree with appellant that when its appeal was duly perfected and under the pleadings appellee became in effect the plaintiff, in order to sustain his award he rested under the burden of pleading and proving the statutory conditions of article 8306, § 12d. We think his cross-action as we have analyzed it met this legal duty, especially as against appellant's general demurrer.

2. The evidence fully supports the allegations of mistake and changed condition. It is necessary to mention only one circumstance to sustain this construction of the evidence. The X-ray pictures presented before the Board on the first award showed that the kidneys were in their normal position; the pictures before the Board on the last award showed them to be in an abnormal position, which, on the expert testimony, was one of the important elements contributing to permanent incapacity. The expert evidence raised the issue that this condition might not have developed prior to the first award.

3. The Board did not exceed its jurisdiction in reopening appellee's claim under the provisions of article 8306, § 12d, supra. It has this power "within the compensation period." The compensation period of any injury is determined absolutely by the facts of that injury. To determine the facts of an injury is the province of the Board. When the facts have been determined the law fixes the compensation period and the Board is without jurisdiction to decrease or increase such period to the injury of the interested parties. When after a submission and award a new inquiry shows "a change of conditions" or "mistake" or "fraud," the Board's jurisdiction over the facts is established under this article. If this change of condition, etc., shows that the old award was excessive, the Board can reduce it; if it shows the old award too small, the Board can increase it. As to this power, that is, to increase or de-

crease the amount of the award, no question could be made against the jurisdiction of the Board when exercised within "the compensation period." But here it is the proposition of appellant that the Board having fixed a compensation period which had expired before the motion to reopen was made by appellee, the first award became final and absolutely binding on all parties. This proposition accords a dignity to that part of the award fixing the compensation period not inherent in other portions of the award. As already said, the jurisdiction of the Board is to determine the facts. When the facts have been determined, the law fixes the compensation period, and the jurisdiction over the facts continues until the compensation period on any particular set of facts, whenever shown, has expired. It is our conclusion that the Legislature, by article 8306, section 12d, was dealing with the *facts* of the claimant's injury and the rights of the claimant determined by such facts as defined and limited by the terms of the Compensation Act in fixing the various compensation periods. We think that the power to review the *facts* was given by this article, and when the Board, acting thereunder, does review the facts and on such review again finds the facts, that the law fixes the compensation period on such facts as if no award had been previously made. Nothing we said in Southern Casualty Co. v. Boykin, 298 S. W. 639, conflicts in the lease with what we are saying. In that case we said:

"It is our conclusion that by 'the compensation period,' as that term is used in the Workmen's Compensation Act, is meant the period of time fixed by law during which the injured party is to receive compensation."

See, also, Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904.

■ 4. Whether any of the statutory grounds for setting aside the award existed was not submitted to the jury, nor did either party request such submission. This submission on the facts stated did not constitute error. By entering judgment in appellee's favor, the trial court found, supplementing the jury's verdict, that such grounds did exist. It is the law that all issues necessary to sustain a judgment, not submitted for a specific finding, are presumed as a matter of law to have been found in favor of the successful party, provided such issues were raised by the pleadings and evidence, as they were in this case. Ormsby v. Ratliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

■ 5. The court submitted the following issue at the request of appellant:

"Has J. S. White's incapacity to labor (if any) since July 10, 1925, resulted from rheumatism or any other disease?"

To which the jury answered, "No." The court by its charge put the burden of this issue upon appellant. No error is presented to us under this charge. In order to complain of the charge of the trial court it must be duly excepted to, and appellant made no exception to the charge of the court on this ground. Isbell v. Lennox (Tex. Sup.) 295 S. W. 920; Kaker v. Giles (Tex. Civ. App.) 269 S. W. 153. The Lennox Case, supra, is direct authority for the proposition that the court did not err in refusing appellant's requested charge placing the burden of this issue upon appellee. Not having excepted to the court's charge for the affirmative error, if it was error, appellant was not in position to ask a special charge in conflict with the court's main charge. Supplementing its issue just discussed, appellant requested the following issue:

"Has J. S. White's capacity to labor (if any) since July 10, 1925, been affected by rheumatism or any other disease? Answer 'Yes' or 'No,' as you find the facts to be."

The court did not err in refusing this issue, since it submitted substantially the issues involved in question "Y," supra.

■ 6. The evidence fully supports the verdict of the jury. As said above, the one circumstance discussed, without any other corroborative evidence, would sustain a finding of change of condition. In Smith v. McDowell (Tex. Civ. App.) 240 S. W. 564, the court said that the verdict of a jury should be sustained if there is any substantial evidence in the record to support it.

Finding no errors, the judgment of the lower court is affirmed.