### BROWNER v. TEXAS INDEMNITY INS. CO. (No. 3703.)

Court of Civil Appeals of Texas. Texarkana. May 23, 1929.

Rehearing Denied May 30, 1929.

Wm. V. Brown, of Texarkana, for appellant.

King, Mahaffey & Wheeler, of Texarkana, for appellee.

LEVY, J. (after stating the case as above). The trial court correctly concluded, we think, that, in the circumstances, the court was without jurisdiction to make an order of modification of the award by the Industrial Accident Board made in favor of appellant on August 23, 1926. The application made by appellant to the Industrial Accident Board was to reconsider the award and increase the compensation previously awarded, and such application was not filed within the statutory limitation of time to do so. The "compensation period" fixed by the award of the board was for the full period of "9⅔ weeks." The application was filed with the board on August 2, 1928, which date was manifestly not within the time of the "compensation period" fixed by the award. The definite "period of compensation" fixed by the board in its award had fully expired long before the application was filed. The board refused to entertain and revise the award on the application of the appellant, because the application sought revision of the award in mere increase of the amount of compensation, based on facts previously found, and was not timely filed "within

the compensation period" of the award, which was for the full period of 9⅗ weeks.

The power of the Industrial Accident Board to revise or modify its award is conferred by section 12d, art. 8306, of the Workmen's Compensation Law, which reads: "Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation awarded within the maximum and provided in this law, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award."

Thus the power and jurisdiction of the board over each case is not made continuing without limitation of time to make modification or change with respect to former award or order. There can be review of the award with respect to "increasing the compensation previously awarded" only "at a time within the compensation period." The term "compensation period," as used, was intended to refer to the period during which compensation shall be allowed by the board and fixed in its order for the particular injury. Such period is determined absolutely by the facts of the particular injury. The act makes no specific provision as to the period during which compensation shall be allowed for injury of the character here in evidence. The specific period within which the compensation is to be paid is left to the sound discretion of the board from the special facts produced before it, and, when such period of time has been fixed by the board in its award, such period, under the law, becomes "the compensation period." The board may then only grant a review of the award, within the terms of the section, "at any time within the compensation period" thereof of the award or order itself. It is admitted that the jurisdiction of the courts is dependent upon the jurisdiction of the Industrial Accident Board, and, where the board is without jurisdiction, the courts are likewise without jurisdiction in the review here involved.

The following cases bear upon the question involved in this present appeal: Casualty Co. v. Boykin (Tex. Civ. App.) 298 S. W. 639; Vestal v. Ins. Assn. (Tex. Com. App.) 285 S. W. 1041; Ins. Assn. v. Knouff (Tex. Civ. App.) 7 S.W.(2d) 68; United States Fidelity & Guaranty Co. v. Cooper (Tex. Civ. App.) 14 S. W.(2d) 342.

The judgment is affirmed.

### On Rehearing.

It is believed that the opinion of this court is not in conflict with the case of Indemnity Co. v. White (Tex. Civ. App.) 10 S.W.(2d) 263, and other cases relied on by appellant. They involve facts different from the facts controlling the present appeal. As stated in the original opinion here, the appellant filed with the board, in the first instance, a claim "for both total incapacity and permanent partial incapacity to labor as a result of the injury." Upon a hearing the board found as a fact that claimant "suffered total incapacity for the performance of labor in consequence of said injury for the total period of 10⅗ weeks, including the waiting period of one week," but found against his claim of "permanent partial incapacity to labor" following upon the temporary "total incapacity" of 10⅗ weeks. Upon the filing of the present application for review, of date August 2, 1928, the board, after a hearing thereon on September 13, 1928, determined that in point of fact the evidence "has failed to establish to the satisfaction of the board that any change of conditions has been undergone with reference to the physical condition of claimant." The denial of the board to make revision of the award "in mere increase of the amount of compensation" was upon the ground purely that the board had no authority to do so, after the expiration of "the compensation period" of the award itself, where, as was found, there were no new or additional facts arising not "previously passed upon" in the award in the first instance. In other words, unless new facts were "shown" with reference to the physical condition of the claimant, a revision of the former award could not be made after the compensation period of the original award had expired. The remedy in retrial of the same issues upon the same facts was by appeal at the time of the original award. The trial court's opinion and the one made on this appeal reflect and intend the same holding.

The motion for a rehearing is overruled.