## FEIST et al. v. ROESLER.
## No. 8114.

Court of Civil Appeals of Texas. Austin.
Oct. 2, 1935.

Frank C. Dickey, of Ballinger, for plaintiffs in error.

Schleyer & Luckett and J. R. Fuchs, all of New Braunfels, for defendant in error.

BLAIR, Justice.

The parties will be designated as in the trial court. Plaintiffs Fred C. Feist, H. Teplicek, and H. E. Droll sued the defendant C. R. Roesler for damages for breach of an alleged written contract to sell certain real estate situated in Runnels county, Tex. The written contract was alleged to have consisted of two letters; the first written by defendant to Feist reads as follows:

"New Braunfels, Texas,
"Rte 4, 1108 W. Coll St.,
"Feb. 16th, 1929.
"Mr. Fred Feist, Rowena, Texas.

"Dear Friend: In regards your telephone conversation will answer more plain. The lots are 10 lots or about 14 acres.

"My prise always was $1,400.00 net except deliver you this abstract as he is, and the Deed if agreeable.

"The 14 acres are oil leasted, I think the name is to Manhatten Oil Co. for 10 years. Now two is the least paid up. Taxes are all paid.

"It is rented to John Svrcek, but only subject to sale, of course if sold, got' to be notified.

"The oil least is not in the abstract, but is the same form as the adjoining neibor.

"If satisfied let me hear by return mail, and I will issue the Deed, and send to Rowena Bank for collection. Give name to who to issue too, you or some one else. Who wants it, will he build on?

"Nothing emportend just getting shaped up my place, and it is getting time.

"May hear soon of you,
"Your friend,
"C. R. Roesler."

The other letter, alleged to have constituted the acceptance, was written by Feist to defendant, and reads as follows:

"Rowena, Texas, Feb. 18, 1929.
"Mr. C. R. Roesler,

"Dear Sir: Received your abstract today. Consider deal closed at the price you state in your letter. Send deed to First National Bank of Rowena, made to Fred C. Feist, H. Teplicek & Henry E. Droll. Am having abstract examined at Ballinger. This should not take long.

"Notify Mr. Svercek that I want possession at once.

"Very truly yours,
"Fred C. Feist."

It was alleged that the contract price of the land was $1,400, but that its reasonable market value at the time was $4,000; and prayer was for $3,000 damages.

Three special defenses were urged to the suit, as follows:

(1) That defendant Roesler's letter was merely an offer or proposal to negotiate for a sale of the real estate.

(2) That if the letters constituted an offer and acceptance, and therefore a written contract, the same was void under the statute of frauds, because it did not particularly describe the real estate intended to be sold.

(3) That if the letters constituted a written contract, the same was void because of fraud practiced by plaintiffs upon the defendant in failing to disclose that the lands were about to be developed for oil at the time the letters were written, which, under the circumstances alleged, it was the duty of Feist, acting for himself and as agent for the other plaintiffs, to disclose.

The jury found in answer to special issues:

(1) That defendant did not offer to sell the land in controversy to plaintiffs.

(2) That plaintiffs knew that the defendant was unwilling to sell the land, if there was an immediate prospect for oil development in the vicinity of the land.

(3) That defendant had written the letter offering to sell the land under the belief that no oil development was on or near the premises in question; and that plaintiffs concealed from him the fact that a deep test well was about to be drilled on the adjoining tract, for the purpose of inducing defendant to execute the contract.

Upon the jury's findings, judgment was rendered for the defendant; hence this appeal.

The jury's findings that the fraud of plaintiffs, consisting of concealment of the fact of immediate oil development in the vicinity of the land, induced the contract for its sale, were fully established by the evidence. It is therefore not necessary to discuss at length the question of whether Roesler's letter was an offer to sell the land; and, if so, whether Feist's letter was an acceptance, thus establishing a written contract to sell the land; nor the question of whether the contract was void under the statute of frauds because of insufficient description of the land. Suffice it to say that Roesler's letter was an offer to sell the "10 lots or 14 acres" for $1,400, and the reply letter of Feist was an acceptance of the offer. Both letters referred to an abstract, which necessarily described the land covered by it. This abstract, according to the letters, was delivered by Roesler and received by Feist as a part of the transaction. The abstract necessarily described the land intended to be sold. The evidence on the issue of fraud is as follows:

The defendant and his wife, until about six years prior to the negotiations for the sale of the land, lived for many years at Rowena, Tex., where the land in question was situated. Plaintiff Feist also lived there, and for twelve or fifteen years preceding the alleged contract the families had been friends. Five or six years preceding the date of the contract defendant and his wife moved from Rowena to New Braunfels, Tex., some 225 miles distant, and had not returned to Rowena. About two years before the letters in question were written, defendant leased the land to the Manhattan Oil Company as a part of a large block of land leased in that vicinity by the same company. About two months preceding the writing of the letters, plaintiff Feist visited in the home of defendant Roesler, and spent the night with him, at which time defendant told him that he desired to sell the land, provided there was no immediate development for oil in the vicinity. On or about the date of the first letter, the Manhattan Oil Company placed its drilling rig upon the adjoining tract of land and commenced to develop same for oil. The defendant knew nothing of this development at the time he wrote the letter offering to sell the land for $1,400. The undisputed evidence showed that this oil operation immediately increased the value of the land to $5,600. The land had been leased by defendant for about two years under a 10-year lease, but he knew nothing of the actual or immediate development of the adjoining land for oil. Feist, who represented all the plaintiffs, knew of this development when he phoned Roesler seeking to purchase the land. He did not communicate this fact to defendant, because he knew defendant would not sell the land if he knew of the oil development. Concerning this concealment of facts, Feist testified as follows:

"Q. And you were not taking any chances were you; you were not going to tell him about it (referring to the oil development), were you? A. No sir.

"Q. What? A. No sir.

"Q. Of course not, and you didn't want to take any chance on his finding it out because that is the reason you had that deed prepared the same day you got his letter? A. Yes sir.

"Q. You enclosed that deed in your letter accepting his proposal in spite of the fact he said he would send you a deed, because you did not want to lose any time: didn't want to give him a chance to find out what you wanted with the land; isn't that a fact? A. Well not altogether; I wanted to buy it.

"Q. Well part of it was the reason, wasn't it? A. I guess so."

Two or three days after writing the letter of February 16, 1929, the defendant learned of the development of the adjoining tract of land for oil, and immediately notified Feist that the contract would not be carried out unless defendant would be permitted to reserve the mineral rights in

the land; and a few days later defendant notified the plaintiff Feist, in person, that he would not carry out the contract. The undisputed evidence showed that Feist represented himself and was the agent of the other plaintiffs in all of the transactions concerning the purchase of the tract of land.

The rule is settled that, "when there is a duty to speak, fraud may consist in the concealment of a material fact." 20 Tex. Jur. 38, § 20. This rule was announced in the early case of Parker v. Crawford, 3 Willson, Civ. Cas. Ct. App. § 365, as follows: "Misrepresentation may consist as well in the concealment of what is true as in the assertion of what is false. If a man conceals a fact that is material to the transaction, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied or the reverse of it expressly stated."

To the same effect are the decisions in Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658; Long v. Martin. (Tex. Civ. App.) 234 S. W. 91; Morris v. McGough (Tex. Civ. App.) 230 S. W. 1092; Elliott v. Clark (Tex. Civ. App.) 157 S. W. 437. See, also, 20 Tex. Jur. 38, 39, and cases there cited; 12 R. C. L., Perm. Supp. Ed., §§ 70, 71, pp. 309, 310; 26 C. J. 1071, 1072, and cases there cited.

Plaintiffs' propositions 4 and 5, that defendant did not plead that he was ignorant of the falsity of the concealment of facts by Feist, and that the evidence showed defendant knew of the development for oil, are not sustained. Defendant alleged: "That on or about February 18, 1929, while development began in the vicinity, that a rig designed to be used for the purpose of drilling a deep test well for oil and gas was moved on a location immediately adjoining said land, and that defendant did not know of said development, but the plaintiff, Feist, very well knew thereof." The fraud did not consist of the concealment of the fact that oil activity, such as leasing lands for oil in the vicinity, which defendant knew about for several years, was going on, but in the concealment of the fact that actual development had commenced or was about to commence. The aforementioned evidence fully established the claim of the defendant that he did not know of this immediate develop-

ment, and that Feist, whose duty it was to speak under the circumstances, concealed this fact from defendant, thereby inducing him to contract for the sale of the land.

The judgment of the trial court will be affirmed.

Affirmed.